J. COLBY WILLIAMS, ESQ. (5549)
jcw@campbellandwilliams.com
PHILIP R. ERWIN, ESQ. (11563)
pre@campbellandwilliams.com
CAMPBELL & WILLIAMS
700 South Seventh Street
Las Vegas, Nevada 89101
Tel. (702) 382-5222
Fax. (702) 382-0540

SETH D. BERLIN, ESQ. (*pro hac vice* motion forthcoming)
sberlin@lskslaw.com
LEVINE SULLIVAN KOCH
    & SCHULZ, LLP
1899 L Street, NW, Suite 200
Washington, D.C.  20036
Tel. (202) 508-1122
Fax. (202) 861-9888

*Attorneys for Defendant*
*Gawker Media, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| HANNAH CORNETT, an individual, | ) Case No. 2:13-cv-1579-GMN-CWH |
| Plaintiff, | ) |
| vs. | ) **DEFENDANT GAWKER MEDIA,** |
| | ) **LLC'S MOTION TO DISMISS** |
| GAWKER MEDIA, LLC, a limited liability company; A.J. DAULERIO, an individual, | ) |
| Defendants. | ) |

Defendant Gawker Media, LLC ("Gawker") respectfully submits this memorandum in support of its motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

1

**PRELIMINARY STATEMENT**

Having unsuccessfully filed suit against Gawker in California based on the same article at issue here, plaintiff attempts to circumvent both the jurisdictional and statutory bars to her claims by bringing those claims in Nevada. Because Gawker lacks sufficient "minimum contacts" with Nevada for the Court to exercise personal jurisdiction over it, plaintiff's complaint should be dismissed. Moreover, even if this Court had personal jurisdiction over Gawker, plaintiff's claims should be dismissed because they are all based upon the same article that was published more than a year ago and thus are barred by California's statute of limitations, which applies here by virtue of Nevada's "borrowing statute."

**STATEMENT OF FACTS**[1]

**The Parties**

Plaintiff claims to be an actress, athlete, and philanthropist. Compl. ¶ 10. She is a resident of California. *Id.*

Defendant Gawker owns and operates the website www.deadspin.com ("Deadspin"). *Id.* ¶ 11. It is not a resident of the State of Nevada and has its principal place of business in New York. *Id.* Plaintiff does not allege, because she cannot, that Gawker offers any products or services for sale in Nevada, has an office or employees in Nevada, or owns any assets, bank accounts, or property in Nevada.

Defendant A.J. Daulerio, who upon information and belief has not been served in this lawsuit, authored the publication at issue and is a resident of New York. *Id.* ¶ 12. Plaintiff does not allege, because she cannot, that Daulerio traveled to Nevada in connection with any of the events that underlie this lawsuit.

---

[1] The facts herein are taken from plaintiff's complaint and assumed to be true for purposes of this motion to dismiss only.

2

**The Publication**

On September 15, 2011, almost two years ago, Gawker published an article entitled "The Surfer Grifter: The Weird Tale of Hannah Cornett and Her $20K Vegas Hotel Bill" on Deadspin (the "Article"). *Id.* ¶ 5 and Ex. A. Several updates to the Article were posted on September 16, 20, and 23. *Id.* ¶ 2. The Article, which is attached as Exhibit A to plaintiff's complaint, describes a dispute over $20,626.61 in credit card charges plaintiff allegedly incurred at the Cosmopolitan Hotel while she was visiting Las Vegas. According to plaintiff, it also defames her by calling into question her "career as an athlete," including her success in triathlons held in Cleveland, Ohio and Redondo Beach, California. *Id.* ¶ 7.

**Plaintiff's Complaints**

Plaintiff filed suit against Gawker, James Alesi, and Does 1 through 20 in Superior Court in California on September 12, 2012, alleging claims for defamation and false light based on the publication of the Article. *See* Cal. Sup. Ct. Case No. BC491904 (Los Angeles County). Gawker has never been served in that lawsuit, and the time for service has expired. *See* Cal. Rules of Court, Rule 3.110(b) (complaint must be served on all named defendants and proof of service must be filed within 60 days).

Subsequently, plaintiff filed this lawsuit on August 1, 2013 in the Clark County District Court, seeking damages for defamation, false light, and negligent interference with prospective economic advantage also based on the publication of the same Article.

**ARGUMENT**

Plaintiff's claims against Gawker should be dismissed because neither plaintiff nor Gawker are residents of Nevada, and Gawker lacks sufficient "minimum contacts" to subject it to jurisdiction in this forum. In addition, even if the Court had jurisdiction over Gawker, plaintiff's claims should be dismissed because they are time-barred under California's one-year statute of limitations, which is applicable here under Nevada's "borrowing statute."

3

## I. THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT BECAUSE IT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS.

A plaintiff opposing a motion to dismiss for lack of personal jurisdiction bears the burden of proving the court has jurisdiction over a non-resident defendant. *Caledonian Swiss Investments, S.A. v. SPTL Ventures, LLC*, 2006 WL 845849, *1 (D. Nev. Mar. 31, 2006) (citing *Trump v. Dist. Court*, 857 P.2d 740, 743 (Nev. 1993)). Once a defendant challenges jurisdiction, plaintiff must introduce admissible evidence which establishes that personal jurisdiction exists, and may not simply rely on the allegations in her complaint. *Abbott-Interfast v. Dist. Court,* 821 P.2d 1043, 1044 (Nev. 1991).[2] Jurisdiction over a non-resident defendant exists under Nevada's "long-arm" statute, Nev. Rev. Stat. § 14.0065(1), where there are "minimum contacts" between defendant and the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Abraham v. Agusta, S.P.A.*, 968 F. Supp. 1403, 1407 (D. Nev. 1997) (quoting *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1485 (9th Cir. 1993) (noting that due process requirements of long-arm statute must be decided under federal law)). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Here, plaintiff does not allege that Gawker has continuous and systemic contacts with Nevada such that it is subject to general jurisdiction. *See Freeman v. Second Judicial Dist. Court*, 1 P.3d 963, 965 (Nev. 2000) (noting that Nevada recognizes two forms of personal jurisdiction: general and specific). Plaintiff's complaint is devoid of any allegations that Gawker owns property in Nevada, has offices in Nevada, conducts or solicits business in Nevada, has bank accounts in Nevada, enters into contracts in Nevada, or that any Gawker

---

[2] If necessary, the court may require a full evidentiary hearing, where the burden is on plaintiff to prove personal jurisdiction by a preponderance of the evidence. *Trump,* 857 P.2d at 744.

employee has ever traveled to Nevada to conduct business or report on matters related to the Article. Indeed, plaintiff herself is not even a Nevada resident, and makes no allegation of any sustained or systematic contact with the State of Nevada. Thus, plaintiff must establish that there is "specific jurisdiction" over Gawker, which requires "purposefully established minimum contacts with the forum" such that "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). This, plaintiff cannot do.

The sole basis in plaintiff's complaint for asserting personal jurisdiction over Gawker appears to be the publication and posting of the Article on the Deadspin website in New York. As numerous courts have held, however, the mere act of publishing an article on a website is insufficient to confer jurisdiction over a defendant everywhere that website can be accessed. *See Medinah Mining, Inc. v. Amunategui*, 237 F. Supp. 2d 1132 (D. Nev. 2002). Courts routinely decline to exercise jurisdiction over out-of-state websites even where, unlike here, the plaintiff is a resident of the forum and asserts that her reputation suffers the greatest injury in that forum. *See, e.g.*, *Young v. New Haven Advocate*, 315 F.3d 256, 264 (4th Cir. 2002) (no jurisdiction over non-resident defendant newspapers alleged to have defamed plaintiff, a Virginia resident, about operation of prisons in Virginia); *XCentric Ventures, LLC v. Bird*, 683 F. Supp. 2d 1068 (D. Ariz. 2010) (allegations that non-resident defendants knew plaintiffs were forum residents and published article that defamed them insufficient to confer jurisdiction); *Lange v. Thompson*, 2008 WL 3200249, *3 (W.D. Wash. 2008) (shipping of cell phone to forum, and posting of alleged defamatory comments about forum resident, insufficient to confer jurisdiction over non-resident defendant); *Forever Living Products U.S. Inc. v. Geyman*, 471 F. Supp. 2d 980, 984 (D. Ariz. 2006) (allegedly defamatory posting about forum resident on website insufficient to confer jurisdiction over non-resident defendants); *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F.

Supp. 2d 1011, 1021 (D. Kan. 2006) (published "attack" on plaintiff insufficient to confer jurisdiction where it was unrelated to plaintiff's status as a resident of the forum); *Bible and Gospel Trust v. Wyman*, 354 F. Supp. 2d 1025, 1029 (D. Minn. 2005) (allegedly actionable content posted on website maintained by non-resident, coupled with non-resident's interaction with forum defendant who posted content, insufficient to confer jurisdiction over non-resident); *Burleson v. Toback*, 391 F. Supp. 2d 401, 417 (M.D.N.C. 2005) (allegedly defamatory content posted on website that included local advertisements and catered, in part, to local residents insufficient to confer jurisdiction over non-resident defendant where defendant's actions did not target forum and local advertising was de minimus); *Novak v. Benn*, 896 So. 2d 513, 517 (Ala. Civ. App. 2004) (posting that allegedly defamed forum resident insufficient to confer jurisdiction over non-resident where website was "accessible by practically every person whose computer has access to the Internet, not just Alabama residents"); *Machulsky v. Hall*, 210 F. Supp. 2d 531, 544 (D.N.J. 2002) (single transaction in forum and posting of allegedly defamatory comments about forum resident insufficient to confer jurisdiction over non-resident defendant); *Bailey v. Turbine Design, Inc.*, 86 F. Supp. 2d 790, 795, 797 (W.D. Tenn. 2000) (allegedly defamatory statements posted about forum resident on website insufficient to confer jurisdiction over non-resident defendant); *Barrett v. Catacombs Press*, 44 F. Supp. 2d 717, 729 (E.D. Pa. 1999) (posting of allegedly defamatory statements about forum resident on Internet, and emails by non-resident defendant to resident in forum, insufficient to confer jurisdiction over non-resident).

In *Medinah Mining*, for example, a non-resident defendant posted allegedly defamatory information on a website that reported financial news and maintained information on publicly traded companies. 237 F. Supp. 2d at 1133. Plaintiffs claimed that the posting devalued its stock, which was issued in Nevada, and damaged its shareholders in Nevada. *Id.* at 1138. The

court rejected plaintiffs' argument under both the "sliding scale"[3] and the "effects"[4] tests for personal jurisdiction, holding that the mere operation of a website that can be accessed by readers in the forum does not establish jurisdiction over defendant. Instead, there must be evidence that defendant intended to "target" a resident of the forum. *Id.* at 1136 (citing *Bailey*, 86 F. Supp. 2d at 795). Because plaintiffs had failed to show that defendant did business with anyone in Nevada, had more contact with Nevada than any other state, or specifically made comments about Nevada residents, there was no basis to exercise personal jurisdiction. *Id.* at 1136.

The *Medinah* court also found it significant that plaintiffs did not reside in Nevada, making the inference that defendant intended to direct his conduct toward Nevada "even more tenuous." *Id.* So, too, here. The mere fortuity that the incident that is the subject of the Article occurred in Nevada is not sufficient to convey jurisdiction over Gawker, which otherwise has no purposeful contacts with Nevada. *See Young v. New Haven Advocate*, 315 F.3d at 262-63 (declining to find jurisdiction in Virginia over two Connecticut newspapers that sold copies in Virginia, had Internet websites accessible in Virginia and published articles about a Virginia prison housing Connecticut prisoners and its warden, also a Virginia resident). Indeed, as the following section demonstrates, it is clear that plaintiff's sole reason for bringing this lawsuit in Nevada is to avoid the statute of limitations that bars her claims in California. This Court should

---

[3] Under the "sliding scale" test, "'the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). Within that framework, "a person who simply places information on the Internet does not subject himself to jurisdiction in each State into which the electronic signal is transmitted and received." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 714 (4th Cir. 2002).

[4] Under the "effects test," personal jurisdiction can be exercised where defendant committed an intentional act, expressly aimed at the forum, which caused harm and which defendant knew would cause harm in the forum. *See Calder v. Jones*, 465 U.S. 783, 788-89 (1984).

7

not countenance such blatant forum shopping, and plaintiff's claims should be dismissed for lack of personal jurisdiction.

## II. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE THEY ARE BARRED BY CALIFORNIA'S ONE-YEAR STATUTE OF LIMITATIONS.

Even if this Court had jurisdiction over Gawker, which it does not, plaintiff's claims are barred by California's one-year statute of limitations applicable to plaintiff's claims. In an attempt to avoid the statute of limitations, plaintiff has brought this action in Nevada where the applicable statute of limitations for claims for defamation and false light is two years.[5] The Nevada legislature, however, has specifically addressed an attempted end-run around the statute of limitations by out-of-state residents who would take advantage of Nevada's longer limitations periods. *See* Nev. Rev. Stat. 11.020. Here, because Nevada's "borrowing statute" applies to plaintiff's claims, they are barred by California's one-year statute of limitations.

### A. Nevada's "Borrowing Statute" Applies to Plaintiff's Claims.

Plaintiff's claims, which are based exclusively on the publication of the Article, arose on the date the Article was published. *See Simpson v. Mars, Inc.*, 113 Nev. 188, 191 (Nev. 1997) (cause of action for defamation accrues at the time of publication). At the time the Article was published plaintiff was (and still remains) a resident of California. Compl. ¶ 10. As such, Nevada's "borrowing statute" applies here. *See Flowers v. Carville*, 310 F.3d 1118, 1123 (9th Cir. 2002) (borrowing statute applies to claim brought in Nevada where a plaintiff's claim arise in another state and plaintiff is not a citizen of Nevada). Under Nevada's "borrowing statute":

> When a cause of action has arisen in another state, or in a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, except in favor of a citizen thereof who has held the cause of action from the time it accrued.

---

[5] Plaintiff's third cause of action, for negligent interference with prospective economic advantage, is not recognized in Nevada at all. *See Local Joint Exec. Bd. of Las Vegas v. Stern*, 651 P.2d 637, 638 (Nev. 1982) (declining to recognize tort).

8

Nev. Rev. Stat. 11.020.  Thus, plaintiff may not maintain her claims in this Court if she would be barred by the statute of limitations from bringing those claims in a California court.  *See Knight v. Climbing Magazine*, 2012 WL 6627821, at *2 (D. Nev. Dec. 18, 2012) (applying California statute of limitations under Nevada borrowing statute to bar California resident's claims for defamation and false light that were otherwise timely under Nevada's statute of limitations).

### B. Plaintiff's Claims Are Barred by California's One-Year Statute of Limitations.

The statute of limitations for defamation and false light torts in California is one year.  C.C.P. § 340(c).  It is undisputed that the latest plaintiff's claims arose was September 23, 2011.  Compl. ¶ 7.  Thus, plaintiff's defamation and false light claims – brought nearly two years after they accrued – are untimely.

Plaintiff's remaining claim for negligent interference with prospective economic advantage is also barred by the one-year statute of limitations.  The sole basis for that claim is plaintiff's allegation that the publication of the Article caused her harm.  *See* Compl. ¶¶ 45–47; *see also id.* ¶ 47 (alleging "harm to her reputation, career, professional character and standing in the community"); *id.* ¶¶ 50-51 (seeking injunction restraining defendants "from republishing, repeating, distributing or otherwise disseminating the Articles").  As the California Supreme Court has held, a plaintiff may not avoid the strict limitations period for speech-based torts through creative pleading.  *See Fellows v. Nat'l Enquirer, Inc.*, 42 Cal. 3d 234, 240, 228 Cal. Rptr. 215, 219 (1986) ("Where the complaint is based on an offensive statement that is defamatory, plaintiffs have not been allowed to circumvent the statutory limitation by proceeding on a theory other than defamation."); *Long v. Walt Disney Co.*, 116 Cal. App. 4th 868, 873, 10 Cal. Rptr. 3d 836, 840 (2004) (finding that plaintiff may not avoid statutory limitation by stating claim in the guise of some other tort).  *See also, e.g.*, *Hustler Magazine v. Falwell*, 485 U.S. 46,

9

56 (1988) (dismissing emotional distress claim where plaintiff could not prove elements of a cause of action for defamation).

Accordingly, California courts have routinely dismissed claims ostensibly denominated as other torts when they arise from allegedly defamatory statements and are brought more than a year after publication of the allegedly actionable material. *See, e.g.*, *Zochlinski v. Regents of Univ. of Cal.*, , 2011 WL 590877, at *8 (E.D. Cal. Feb. 10, 2011) (dismissing claims for intentional infliction of emotional distress and interference with right to practice profession as untimely when predicated on defamation claim); *Roberts v. McAfee, Inc.*, 2010 WL 890060, at *11 (N.D. Cal. Mar. 8, 2010) (holding that both defamation and false light claims barred by one-year limitations period); *see also McClatchy Newspapers, Inc. v. Super. Ct.*, 189 Cal. App. 3d 961, 965, 234 Cal. Rptr. 702, 704 (1987) (false light claim dismissed as superfluous where defamation also pled).

For this reason, therefore, California's one-year statute of limitations for defamation governs all of plaintiff's claims, each of which arises from the same allegedly defamatory publication, and all of which are untimely and should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should dismiss plaintiff's complaint in its entirety with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: September 4, 2013          Respectfully submitted,

CAMPBELL & WILLIAMS

By /s/ ***J. Colby Williams***
   J. COLBY WILLIAMS, ESQ. (5549)
   PHILIP R. ERWIN, ESQ. (11563)

LEVINE SULLIVAN KOCH & SCHULZ, LLP
SETH D. BERLIN (*pro hac vice* to be filed)

*Attorneys for Defendant*
*Gawker Media, LLC*

10

## CERTIFICATE OF SERVICE

I certify that I am an employee of Campbell & Williams and that I did, on the 4th day of September, 2013, serve upon the attorneys in this action a copy of the foregoing **Defendant Gawker Media, LLC's Motion to Dismiss** in a sealed envelope, to the following counsel and that postage was fully prepaid thereon:

Airene Williamson, Esq.
Williamson Law Office, PLLC
1060 Wigwam Parkway
Henderson, Nevada 89074

Stephen M. Kernan
The Kernan Law Firm
9663 Santa Monica Blvd., #450
Beverly Hills, California 90210

*Attorneys for Plaintiff*

/s/ Lucinda Martinez
An Employee of Campbell & Williams