# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HANNAH CORNETT,

          Plaintiff,

vs.

GAWKER MEDIA, LLC, *et al.*,

          Defendants.

Case No. 2:13-cv-01579-GMN-CWH

**ORDER**

      This matter is before the Court on Plaintiff's Motion for Reconsideration (#89), filed August 27, 2014. By way of the motion, Plaintiff requests that the Court reconsider Order (#88), which denied the request for settlement conference without prejudice.

      While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider an interlocutory order, this court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). The Ninth Circuit has recognized three circumstances in which a district court should grant a motion for reconsideration: if the district court (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Nunes v. Ashcroft,* 375 F.3d 805, 807–08 (9th Cir.2004) (quoting *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993)).

      On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985). A

motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. *See Merozoite v. Thorp,* 52 F.3d 252, 255 (9th Cir.1995); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136 (S.D.Cal.2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). Motions to reconsider are generally left to the discretion of the court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

Plaintiff requests that the Court reconsider its order denying, without prejudice, the request for an early settlement conference in this matter. Plaintiff also requests that the Court exercise its discretion to hear oral argument on the issue. Pursuant to Local Rule 78-2, "[a]ll motions may, in the Court's discretion, be considered and decided with or without a hearing." The undersigned has reviewed the briefing and finds that oral argument is not necessary to resolve the motion. That the parties may have had some discussions regarding settlement prior to the motion is not, by itself, grounds to compel attendance at an early settlement conference. There has been minimal, if any, formal discovery in this case as discovery has been stayed since November 2013. There is no answer on file, and Plaintiff's amended complaint is the subject of another motion to dismiss. More importantly, it is abundantly clear from the response (#87) that Defendant does not, at this time, have any desire to participate in the early settlement conference. The parties are free to engage in settlement discussions, but there remains nothing before the Court indicating that conducting a early settlement conference would be a wise use of the parties' or the Court's resources.

Consequently, after considering the information provided in the motion for reconsideration, the undersigned finds that the record still does not support a settlement conference at this time. The decision on whether to conduct a settlement conference under Local Rule 16-5 is solely within the Court's discretion, and, as noted in the original order, "[t]he Court generally does not grant motions

for settlement conferences that are opposed." *McCarty v. Roos*, 2013 WL 5436578 (D. Nev.). Defendant has indicated that it has no intention of settling the matter at this time, describing the motion for settlement conference is akin to a "shakedown" – hardly a description supporting any belief that a settlement conference would be effective at this stage in the litigation. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Plaintiff's Motion for Reconsideration (#89) is **denied**.

DATED: August 28, 2014.

*/s/ C.W. Hoffman*
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**